well invoked. In this case the engineer was injured. He had the control and management of the boiler. Evidently the boiler was defective, or, as claimed by the defendant, the engineer allowed the water to get too low and by a sudden supply of cold water caused the explosion. The facts speaking in this case, therefore, say that the cause of the explosion was either a defect in the boiler itself or the improper management of it by the engineer. If a bystander, or an employé having nothing to do with the boiler, had been injured by the explosion, the doctrine of res ipsa loquitur would apply and indicate the defendant's negligence, for it would be equally responsible for either cause. But here the circumstances unexplained may point as directly to the negligence of the engineer as to a defect in the boiler. Therefore the engineer gains no advantage from the doctrine, except perhaps by confining the proof in the first instance to the allegation that he was not negligent, and therefore the boiler must have been defective. In order therefore to prove negligence of the defendant, it was necessary for him to establish that the boiler was defective; in other words, that his conduct did not cause the explosion. Where an injury occurs from one of two causes, for one of which the defendant is responsible and for the other of which the plaintiff is responsible, the burden rests with the plaintiff to show that the negligence of the defendant caused the injury. The charge proceeded upon the theory that the accident itself implies negligence of the defendant, and that it is the duty of the defendant to explain to the satisfaction of the jury whether the accident was caused by a defect in the boiler or by its improper use. In these respects the charge was erroneous. I favor a reversal.

SMITH, P. J., concurs.

---

### In re REXFORD FLATS BRIDGE CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. MANDAMUS ☞181—ISSUANCE OF PEREMPTORY WRIT—OPPOSING AFFIDAVITS.
   On motion for a peremptory writ of mandamus, averments in opposing affidavits will be deemed true.

   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ☞181.]

2. MANDAMUS ☞181—APPLICATION FOR PEREMPTORY WRIT—DEMURRER.
   A demand by relator for a peremptory writ, notwithstanding conflicting statements in the affidavits, is equivalent to a demurrer, and the question presented must be determined on the assumption of the truth of respondent's affidavits.

   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ☞181.]

3. MANDAMUS ☞181—PEREMPTORY WRIT—ISSUANCE—EVIDENCE.
   A peremptory writ of mandamus will not issue, where there is any dispute as to the facts.

   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ☞181.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. MANDAMUS ⬤⟿181—PEREMPTORY WRIT—ISSUES.
    Where an opposing affidavit puts in issue the allegation essential to entitle relator to a peremptory writ of mandamus, the writ must be denied.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ⬤⟿181.]

Appeal from Special Term, Montgomery County.

Application for mandamus by the Rexford Flats Bridge Company against the Canal Board and others. From an order denying a peremptory writ, relator appeals. Affirmed.

The following is the opinion of Borst, J., at Special Term:

[1] On a motion for a peremptory writ of mandamus, the allegations in the opposing affidavits will be considered to be true. People ex rel. Rau v. York, 31 App. Div. 527, 52 N. Y. Supp. 401, 1060; People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637.

[2] If the relator, notwithstanding the conflicting statements in the affidavits, still demands a peremptory mandamus, this is equivalent to a demurrer, and the question thus presented must be determined upon the assumption of the truth of the affidavits presented by the respondents. People ex rel. Savings Bank v. Cromwell, 102 N. Y. 477, 8 N. E. 413; People ex rel. Corrigan v. Mayor, 149 N. Y. 215, 43 N. E. 554; In re Haebler v. N. Y. Produce Exchange, 149 N. Y. 414, 44 N. E. 87.

[3] A peremptory writ of mandamus will not issue, except in case of clear, unquestioned legal rights. It should not be granted if there is any dispute on the facts involved in the question presented. People ex rel. v. Supervisors, 64 N. Y. 600; People ex rel. v. Wendell, 71 N. Y. 171.

[4] Mr. Peck in his affidavit, says: "I deny that the acts of the state officers, including the closing of the dam, were the cause of the destruction of the bridge." This puts in issue the allegation which is essential to have clearly established, beyond controversy, to entitle relator to a peremptory writ. Without considering the merit of other denials or attempted denials, it is quite evident that this statement or rather denial by Mr. Peck cannot be accepted as true and yet have the writ issue. Where there is a controversy about the facts, the writ ought not to issue. It is an extraordinary remedy and ought only to be granted when the facts and law entitle the relator to it beyond question. This cannot be said to be the situation of the application for the peremptory writ in this case. This makes it unnecessary to determine the right of the relator to the writ, if it be conceded that the destruction of the bridge was caused by the acts of the canal board and its members.

If the relator desires to have an alternative writ issue, this will be done. Otherwise the application for the writ must be denied.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas O'Connor, of Waterford, for appellant.

Egburt E. Woodbury, Atty. Gen. (Wilbur W. Chambers, Deputy Atty. Gen., of counsel), for respondents.

PER CURIAM. Order affirmed, with costs, upon the opinion of Justice Borst, at Special Term. All concur, except HOWARD, J., dissenting.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes